FILED
MAR. 18, 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHAUN RUSHING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  22-205 (UNA) |
| | ) | |
| | ) | |
| THE PENTAGON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a "Lawsuit 4 count," ECF No. 1, and an application to proceed *in forma pauperis*, ECF No. 3.  The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  It also assists the Court in determining whether it has jurisdiction over the subject matter.

Plaintiff sues the Pentagon "as a Branch of the United States of America," seeking "$110 Trillion dollars."  In the one-page pleading, Plaintiff concludes that defendant "discriminated" but has alleged no supporting facts.  Plaintiff also claims that "[a]t age 14 or 15," he "was wrongfully bound over from Juvenile to adult court without [a] lawyer" or "a hearing," for which he seeks his "liberty as the constitutional standpoint of liberty, Freedom, Justice and American way."  Plaintiff does not connect the latter events to the Pentagon.

Plaintiff has not stated the basis of federal court jurisdiction, which alone warrants dismissal of the case.  Regardless, a complaint, such as here, that is "rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard," as will "a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated[.]" *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (internal quotation marks and citations omitted).  Consequently, this action will be dismissed.  A separate order accompanies this Memorandum Opinion.

_____/s/_____
AMIT P. MEHTA
United States District Judge

DATE:  March 18, 2022